# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LEADING EDGE LOGISTICS LLC, *et al.*,[1] | Case No. 14-11260 (MFW) |
| Debtors. | (Jointly Administered) |
| | |
| ALFRED T. GIULIANO, Chapter 7 Trustee of Leading Edge Logistics LLC, *et al.*, | Adv. Proc. No. 16-_____ (MFW) |
| Plaintiff, | |
| v. | |
| CINCYTECH 2013 FOLLOW-ON FUND I, LLC, | |
| Defendant. | |

## COMPLAINT FOR AVOIDANCE AND RECOVERY
## OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

Plaintiff Alfred T. Giuliano, chapter 7 trustee (the "Trustee" or the "Plaintiff") for

the estates of the above-captioned debtors (the "Debtors"), for his *Complaint for Avoidance and*

*Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* against Cincy Tech 2013

Follow-On Fund I, LLC (the "Defendant") alleges as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Leading Edge Logistics LLC (2293); Alliance Traffic Group, LLC (0161); LEL Enterprises LLC (1052); and LEL Caribe, LLC (0104). The Debtors' address at the time it was an operating entity was 2098 West Chester Pike, Broomall, PA 19008.

**Nature of the Action**

1.      The Plaintiff brings this action against the Defendants to avoid and

recover certain preferential transfers that occurred during the 90-day period prior to

commencement of the Debtors' bankruptcy cases.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") has jurisdiction over this adversary proceeding under Chapter 11 of

Title 11, United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 157(a) and

1334(a).

3.      This proceeding is a core proceeding within the meaning of 28 U.S.C.

§ 157(b), and the Bankruptcy Court may enter final orders for the matters contained herein.  If it

is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders

or judgments herein consistent with Article III of the United States Constitution, the Plaintiff

hereby consents to the entry of final orders or judgments by the Bankruptcy Court.

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409(a).

5.      This adversary proceeding is commenced pursuant to Rule 7001(1) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of

the Bankruptcy Code.

**The Parties**

6.      The Trustee is the duly appointed trustee for the estates of the above-captioned Debtors.  Pursuant to 11 U.S.C. § 704, the Trustee has the authority to investigate the financial affairs of the Debtors and to litigate affirmative claims of the Debtors.

7.      Upon information and belief, Defendant CincyTech 2013 Follow-On Fund I, LLC, is a limited liability company formed under the laws of the State of Ohio that maintains its principal place of business at 1311 Vine Street, Suite 300, Cincinnati, OH 45202.

**Case Background**

8.      On May 19, 2014 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in the Bankruptcy Court under chapter 7 of the Bankruptcy Code (collectively, the "Cases").  Alfred T. Giuliano was appointed as the Chapter 7 Trustee.

9.      Schedules of assets and liabilities and statements of financial affairs were filed by each of the Debtors on the Petition Date.

10.     The Cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Bankruptcy Rules under Case Number 14-11260 (MFW) Docket No. 71.

11.     The initial meeting of creditors of the Debtors was conducted and concluded on June 24, 2014.

**General Allegations**

12.     The Debtors consisted of three operating entities: (a) Leading Edge Logistics LLC ("LEL"), which was incorporated in 1998, and which operated principally in North America; (b) Alliance Traffic Group, LLC ("ATG"), which was acquired in April 2011,

and which also operated principally in North America; and (c) LEL Caribe, LLC ("Caribe"),
which was acquired in 2012, and which operated solely in Puerto Rico and the Dominican
Republic.  LEL Enterprises LLC was a holding company for the three operating entities.

13.    Prior to the Petition Date, the Debtors were headquartered in Broomall,
Pennsylvania, and were a privately-held global logistics management company that provided
truckload transportation, specialized heavy haul transportation, freight forwarding, international
shipping, intermodal, air/ocean, contract carriage, and warehousing.

14.    Prior to the Petition Date, the Debtors maintained relationships with
various entities through which the Debtors regularly purchased, sold, received, or delivered
goods and services.

15.    Prior to the Petition Date, the Defendants provided the Debtors with
financial consulting services.

16.    During the course of their relationship, the parties engaged in numerous
transactions which are reflected in purchase orders, invoices, communications and other
documents (collectively, the "Agreements").  In particular, pursuant to the Agreements, Debtor
LEL would pay the Defendants for financial consulting services.

17.    As a result, during the ninety days prior to the Petition Date, the Debtors
made payments to or for the benefit of the Defendants (collectively, the "Transfers"), including
those identified on Exhibit A  attached hereto.  Exhibit A sets forth the details of each of the
Transfers, including the identity of the transferor Debtor, check or payment number, payment
date, clear date, and payment amount.  The aggregate amount of the Transfers is not less than
$50,000.00.

18.    The Plaintiff acknowledges that some Transfers may be subject to defenses under 11 U.S.C. § 547(c), upon which Defendants bear the burden of proof pursuant to 11 U.S.C. § 547(g).

### First Claim for Relief

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

19.    The Plaintiff repeats and realleges the allegations in paragraphs 1 through 18, above, as though fully set forth at length.

20.    Within the ninety days prior to the Petition Date, the identified Debtor or Debtors made transfers to Defendants in the total amount of $50,000.00, as more specifically described in Exhibit A attached hereto (the "Transfers") and incorporated herein by this reference.

21.    The Transfers to the Defendants were each a transfer of property of identified Debtor or Debtors.

22.    The Transfers to the Defendants were each made to or for the benefit of the Defendant.

23.    The Defendants were creditors of the identified Debtor or Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the identified Debtor or Debtors.

24.    The Transfers to the Defendants were each on account of an antecedent debt owed by the identified Debtor or Debtors to the Defendants before the Transfers were made.

25.    The Transfers were made while the identified Debtor or Debtors was insolvent. The identified Debtor or Debtors is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

26.    Each of the Transfers enabled the Defendants to receive more than the Defendants would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendants received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

27.    As of the date hereof, the Defendants have not returned the Transfers to the Plaintiff.

28.    The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**Second Claim for Relief**

**(Recovery of Property—11 U.S.C. § 550)**

29.    The Plaintiff repeats and realleges the allegations in paragraphs 1 through 28, above, as though fully set forth at length.

30.    Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, the Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

31.     The Defendants are either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

32.     Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1.     For a determination that the Transfers in the total amount of $50,000.00 are avoidable as preferential transfers under Section 547 of the Bankruptcy Code, that the Plaintiff is entitled to recover the Transfers in the total amount of $50,000.00 under Section 550 of the Bankruptcy Code;

2.     For costs of suit incurred herein, including, without limitation, attorneys' fees;

3.     For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4.     For such other and further relief as the Court may deem just and proper.

*[Remainder of page intentionally left blank]*

Dated:  May 17, 2016

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (DE Bar No. 4142)
Michael R. Seidl (DE Bar No. 3889)
Jason S. Pomerantz (CA Bar No. 157216)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: bsandler@pszjlaw.com
        mseidl@pszjlaw.com
        jspomerantz@pszjlaw.com
        pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee